# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-1009V
### Filed: January 5, 2016
Unpublished

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
PEDRO DE JESUS,                          *
                                         *
               Petitioner,               *     Ruling on Entitlement; Concession;
                                         *     Influenza ("Flu") Vaccine; Shoulder
                                         *     Injury Related to Vaccine Administration
SECRETARY OF HEALTH                      *     ("SIRVA"); Special Processing Unit
AND HUMAN SERVICES,                      *     ("SPU")
                                         *
               Respondent.               *
                                         *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Maximillian Muller, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Justine Walters, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On September 11, 2015, Pedro De Jesus ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleged that he suffered "shoulder injuries which were caused in fact" by the influenza vaccine he received on November 26, 2014. Petition at 1.

On January 4, 2016, respondent filed her Rule 4(c) report in which she concedes that "petitioner is entitled to compensation for the left shoulder injury he sustained following his receipt of the flu vaccination on November 26, 2014." Respondent's Rule 4(c) Report at 1. Specifically, respondent "has concluded that a preponderance of the evidence establishes that petitioner's injury is consistent with a shoulder injury related to vaccine administration ("SIRVA"), and that petitioner's injury is not due to factors unrelated to his November 26, 2014, flu vaccination." *Id.* at 3. Respondent agrees that

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner's injury should be compensated "as a 'caused-in-fact' injury." *Id.* at 3-4. Respondent further agrees that the petition was timely filed, that petitioner received, in the United States, a vaccine listed on the Vaccine Injury Table, that petitioner suffered the effects of his injury for more than six months, and that petitioner "avers that no civil action or proceedings have been pursued in connection with the vaccine-related injury." *Id.* at 4.

**In view of respondent's concession and the evidence before me, the undersigned finds that petitioner is entitled to compensation. Additionally, the January 15, 2016 deadline for respondent's status report is deemed moot and terminated.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master